LAW OFFICES OF
JARED M. LEFKOWITZ
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 682-1440
JML@JMLefkowitzLaw.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT ESPOSITO,
JULY 4 EVER FIREWORKS, INC.,
JULY 4 EVER CO., LTD,

        Case No.

      Plaintiffs,

  - against -

INFORMATION TECHNOLOGY CORP. and
FIREWORKS EXTRAVAGANZA, INC.,  **COMPLAINT**

      Defendants.  JURY TRIAL DEMANDED
-----------------------------------------------------------------X

      Plaintiffs, by and through their counsel Jared M. Lefkowitz, as and for their Complaint against the above named Defendants allege as follows:

      1. This is an action under 15 USC §1125(a) and (d), along with related New York State claims under New York General Business Law §§133 and 349, and conversion.

      2. As described below, Defendants have hijacked Plaintiff's website so that anytime any customer enters Plaintiff's web address "JULY4EVER.COM" they are diverted to Defendants' website "FWEXTRAVAGANZA.COM."  See Exhibit A which is a print out of the *Defendants'* web page that loads upon typing in *Plaintiffs'* web address as of the date of this Complaint.

3. In addition, Defendants have hijacked all email addresses for the JULY4EVER domain name such that any email sent to one of Plaintiff's email addresses is received by Defendants.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Vincent Esposito is an individual residing on Staten Island, NY.

5. Plaintiffs July 4 Ever, Fireworks, Inc. and July 4 Ever Co., Ltd. are corporations with a principal place of business in Newburgh, NY. Both corporations are collectively referred to herein as "July 4 Ever."

6. Plaintiff July 4 Ever, Fireworks, Inc. is owned by Anthony Esposito, Plaintiff Vincent Esposito's brother. Anthony has been in the fireworks business for over 20 years.

7. Plaintiff July 4 Ever Co., Ltd. is owned by Plaintiff Vincent Esposito. Vincent has been in the fireworks business for over 30 years.

8. Upon information and belief both Defendants are owned and controlled entirely by John Sagaria.

9. Defendant Fireworks Extravaganza, Inc. ("FEI") maintains a principal place of business at 382 Rock Cut Road, Newburgh, NY.

10. Defendant Information Technology, Corp. ("ITC") maintains a principal place of business at 121 Gertrude Avenue, Paramus, NJ 07652.

11. This Court has original subject mater jurisdiction based upon 15 USC §1125(a) and (d), and supplemental jurisdiction pursuant to 28 USC §1367.

12. Venue is proper in the Southern District of New York in that FEI maintains a principal place of business at 382 Rock Cut Road, Newburgh, NY within the Southern District of New York.

## FACTS APPLICABLE TO ALL COUNTS

13. July 4 Ever is in the fireworks business, including but not limited to the shooting of fireworks displays in the tri-state area, for the past 20+ years.

14. In 1998 Plaintiff Vincent Esposito registered the domain name "JULY4EVER.COM."

15. Although July 4 Ever and FEI are and have been competitors, Vincent Esposito, Anthony Esposito, and John Sagaria were friends until approximately 2016 when there was a falling out.

16. Prior to the falling out in 2016, July 4 Ever would, from time to time, engage FEI to shoot fireworks displays and July 4 Ever also engaged ITC to maintain July 4 Ever's website.

17. In 2002 Vincent Esposito and July 4 Ever engaged ITC and Sagaria to create the website "JULY4EVER.COM."

18. Beginning in 2002, ITC maintained July 4 Ever's website JULY4EVER.COM on their server.

19. In 2003, ITC created email accounts associated with the JULY4EVER domain name and website.

20. In March 2007 Sagaria advised Vincent that ITC was switching servers, and asked Vincent to fill out paperwork to approve the server switch, which Vincent did.

21. Instead, Sagaria filed paperwork transferring ownership of the domain name "JULY4EVER.COM" to ITC.

22. Sagaria advised that the transfer of ownership was a mistake, and it was Vincent's understanding from Sagaria that the mistake had been immediately corrected and that ownership had been transferred back to Vincent.

23. In any event, there were no issues with the emails or website at that time so Vincent and July 4 Ever were unaware that ownership of the domain name had in fact been retained by Sagaria and ITC.

24. As noted, there was a falling out in or about 2016, and in or about 2017 Vincent and July 4 Ever discovered that all web traffic to JULY4EVER.COM was being diverted to Sagaria's competing company FEI's website "FWEXTRAVAGANZA.COM."

25. They also became aware that the emails to the JULY4EVER domain name were being received by Defendants, and not Plaintiffs.

26. Demand has been made for return of ownership and control of JULY4EVER.COM to Vincent Esposito, to no avail.

**COUNT I**

15 USC §1125(a) - False Designation of Origin

27. Defendants have caused July 4 Ever's domain name to automatically be redirected to Defendants' web address, which is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with July 4 Ever.

28. Defendants' use of Plaintiff's domain name is a false designation of origin and/or a false or misleading representation and description.

29. The use is likely to cause confusion, cause mistake or deceive as to an affiliation, connection or association of Defendants with July 4 Ever as to the origin, sponsorship or approval of Defendants' products or services by July 4 Ever.

30. Defendants' activities are in willful disregard of July 4 Ever's rights.

31. Defendants have used and continue to use the domain name with the knowledge that they are likely to cause confusion, mistake or deceive as to an affiliation, connection or association of Defendants' products and services with July 4 Ever.

32. Accordingly, Defendants' actions constitute trademark infringement under 15 U.S.C. §1125(a).

33. July 4 Ever is suffering irreparable harm and damage as a result of Defendants' false designation of origin and false and misleading representations and descriptions, such that money damages would not adequately compensate July 4 Ever for the harm to its proprietary rights, established goodwill and business reputation, and such that a permanent injunction enjoining Defendants continued use of the domain name is necessary.

## COUNT II

15 USC §1125(d) - Cyberpiracy Prevention

34. The domain name registered by Plaintiff in 1998 "JULY4EVER.COM" is distinctive.

35. Defendants have used such domain name with a bad faith intent to profit from the use of such domain name.

36. July 4 Ever therefore seeks an order and injunction directing Defendants to permanently restore control of JULY4EVER.COM to July 4 Ever, along with Defendant's profits in an amount to be determined at trial, but believed to be no less than $1 million, actual damages sustained by July 4 Ever in an amount to be determined at trial but believed to be no less than $1 million, along with treble damages.

## COUNT III

New York General Business Law §133
Use of Name or Address With Intent to Deceive

37. For the foregoing reasons, July 4 Ever seeks an order and injunction directing Defendants to permanently restore control of JULY4EVER.COM to July 4 Ever.

## COUNT IV

New York General Business Law § 349
Deceptive Acts and Practices

38. For the foregoing reasons July 4 Ever seeks an order and injunction directing Defendants to permanently restore control of JULY4EVER.COM to July 4 Ever, actual damages sustained by July 4 Ever in an amount to be determined at trial, but believed to be no less than $1 million, along with treble damages.

## COUNT V

### Conversion

39. Defendants inappropriately misappropriated cash, revenues, and the goodwill of the domain name that belongs to July 4 Ever.

40. Such willful misappropriation of July 4 Ever's revenue and assets constitutes conversion.

41. Defendants' conversion has damaged July 4 Ever in an amount to be determined at trial, but believed to be no less than $1 million, along with punitive damages.

**WHEREFORE**, July 4 Ever demands judgment as follows:

A. On the First Count, a permanent injunction.

B. On the Second Count, a permanent injunction, Defendant's profits in an amount to be determined at trial, but believed to be no less than $1 million, actual damages in an amount to be determined at trial but believed to be no less than $1 million, and treble damages.

C. On the Third Count, a permanent injunction.

D. On the Fourth Count, a permanent injunction, actual damages in an amount to be determined at trial but believed to be no less than $1 million, and treble damages.

E. On the Fifth Count, damages in an amount to be determined at trial, but believed to be no less than $1 million, along with punitive damages.

F. Reasonable attorneys fees as permitted by the relevant statutes, costs, and such other and further relief as the Court deems just and proper.

Dated: New York, NY
March 1, 2019

                                                        LAW OFFICES OF
                                                        JARED M. LEFKOWITZ

By_____
Jared M. Lefkowitz (JL 6920)
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel (212) 682-1440
JML@JMLefkowitzLaw.com
*Attorney for Plaintiffs*