UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VINCENT ESPOSITO; JULY 4 EVER          :
FIREWORKS, INC.; and JULY 4 EVER CO.,  :
LTD.,                                  :
                    Plaintiffs,          :          **MEMORANDUM OPINION**
                               :          **AND ORDER**
v.                                     :
                               :          19 CV 2025 (VB)
INFORMATION TECHNOLOGY CORP. and       :
FIREWORKS EXTRAVAGANZA, INC.,          :
                    Defendants.          :
-------------------------------------------------------------x

Briccetti, J.:

       Plaintiffs Vincent Esposito, July 4 Ever Fireworks, Inc., and July 4 Ever Co., Ltd., bring

this action against defendants Information Technology Corp. and Fireworks Extravaganza, Inc.,

in connection with defendants' alleged "hijack[ing]" of plaintiffs' website in violation of 15

U.S.C. § 1125(a) and (d), and various state laws.

       On April 30, 2019, defendants filed an answer and counterclaims against plaintiffs for

account stated, breach of contract, defamation, and tortious interference with business relations.

(Doc. #15).  With leave of the Court, on May 28, 2019, defendants filed an amended answer and

counterclaims.  (Doc. #21).

       Before the Court is plaintiffs' motion to dismiss defendants' counterclaims for

defamation and tortious interference with business relations pursuant to Rule 12(b)(6).  (Doc.

#16).[1]  Defendants failed to oppose the motion.

       For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

---

[1]     On May 1, 2019, plaintiffs moved to dismiss the initial answer and counterclaims. Although the Court permitted plaintiffs to file a new motion to dismiss the amended answer and counterclaims, plaintiffs chose to rely on their previously filed motion to dismiss in a letter dated June 3, 2019.  (Doc. #22).

The Court assumes the parties' familiarity with this case's underlying facts and procedural history.  Moreover, for the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended answer and draws all reasonable inferences in the non-moving party's favor.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, a complaint's allegations must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.   Defamation Per Se

The Court finds defendants have adequately alleged a claim for defamation per se.

2

"Generally, spoken defamatory words are slander; written defamatory words are libel." Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001).  To state a claim for slander under New York law, a party must allege "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the [party], (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege."  Id. at 265–66.  "[A] statement that impugns the basic integrity or creditworthiness of a business" constitutes slander per se.  Celle v. Filipino Reporter Enterprises Inc., 209 F.3d 163, 180 (2d Cir. 2000).

Here, defendants allege that on or about April 14, 2019, plaintiff Vincent Esposito called an unspecified person at the Town of Wallkill and "told them that there was a judgment against Fireworks Extravaganza."  (Am. Ans. ¶ 86).  In support, defendants attach an email from a Wallkill town employee to an employee at Fireworks Extravaganza that says:  "We had a call from Vince at July Forever who told us you have a judgement against you.  Supervisor Diana would like to confirm that you will not have an issue completing the fireworks show for us on July 4th."  (Id. Ex. A).

Taking these allegations in the light most favorable to the non-moving party, as the Court must at this stage of the case, defendants have adequately pleaded a claim for slander per se.  The statement that Fireworks Extravaganza has a judgment against it could impugn defendants' "basic integrity or creditworthiness."  Celle v. Filipino Reporter Enterprises Inc., 209 F.3d at 180.  Indeed, defendants allege the statement caused the Town of Wallkill, its customer, to question defendants' ability to perform the planned fireworks show.

Accordingly, defendants' counterclaim for defamation per se may proceed.

III.    <u>Tortious Interference with Business Relations</u>

The Court dismisses defendants' claim for tortious interference with business relations as duplicative of the defamation claim.

"New York law considers claims sounding in tort to be defamation claims . . . where those causes of action seek damages only for injury to reputation, [or] where the entire injury complained of by plaintiff flows from the effect on his reputation."  <u>Chao v. Mount Sinai Hosp.</u>, 476 F. App'x 892, 895 (2d Cir. 2012) (summary order) (affirming dismissal of a tortious interference with contract claim and a tortious interference with prospective business advantage claim because the factual allegations underlying the claim were "virtually identical" to the facts underlying a defamation claim).

The alleged facts and the injury underlying defendants' tortious interference claim are virtually identical to the defamation claim.  Defendants allege plaintiffs "interfered with this business relationship by calling . . . Wallkill and telling [town employees] there was a judgment against [d]efendant Fireworks Extravaganza, Inc."  (Am. Ans. ¶ 94).  Defendants allege plaintiffs sought to make the town question defendant's "reliability and trustworthiness as a business vendor."  (<u>Id</u>.).  Therefore, because defendants' tortious interference claim is duplicative of their defamation claim, defendants' tortious interference claim is dismissed.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Defendants' counterclaim for tortious interference with business relations is dismissed.

Defendants' counterclaims of account stated, breach of contract, and defamation per se may proceed.

The Clerk is directed to terminate the motion.  (Doc. #16).

By July 22, 2019, plaintiffs shall file an answer to the remaining counterclaims.

Dated: July 8, 2019
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

5