UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT ESPOSITO,
JULY 4 EVER FIREWORKS, INC.,
JULY 4 EVER CO., LTD,

          Case No. 19 CV 2025 (VB)

      Plaintiffs,

- against -

INFORMATION TECHNOLOGY CORP. and
FIREWORKS EXTRAVAGANZA, INC.,

          **CONFIDENTIALITY**
          **STIPULATION**
          **AND ORDER**

      Defendants.
------------------------------------------------------------X

      This matter having come before the Court by stipulation of the parties for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS** hereby **ORDERED** that:

1.   This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "**Documents**" or "**Testimony**").

2.   Either party may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Confidential – Attorneys' Eyes Only," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

    (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, that contains private personal or medical information concerning any agents or employees of the parties, customer information, proprietary business information, competitively sensitive information, or financial information and books and records, and other information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's agents, employees or customers. The Disclosing Party shall designate Discovery Material it believes to be confidential under the terms of this Stipulation by stamping "CONFIDENTIAL" thereon in a manner that retains the legibility of the Documents and Testimony.

    (b) "Producing party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party in writing that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Producing party may move before the Court for an order classifying those documents or materials as Confidential Information. If no

2

such motion is filed within 14 days of notification that the Receiving Party does not concur, such documents or materials shall not be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   a. personnel of Plaintiffs or Defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   c. independent expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

   d. the Court and court personnel, if filed in accordance with paragraph 12 hereof;

    e.    an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

    f.    trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

    g.    any other person agreed to by the parties.

6.    Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7.    a.    Before any disclosure of Confidential Information is made to an independent expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

    b.    A party that in good faith believes any particular Confidential Information is sufficiently sensitive or of a nature that its disclosure would unfairly or unnecessarily reveal competitive information to Plaintiffs or Defendants, or to a director, officer, or employee thereof, may designate that Confidential Information as "Confidential – Attorneys' Eyes Only." Information which is designated "Confidential – Attorneys' Eyes Only" shall be used by the parties to this action solely for the purposes set forth in paragraph 6 above, and disclosed only to persons specified in paragraphs 5 (b), (d), and (e); and in paragraphs 5 (c) and (g), above,

4

provided that those individuals also comply with the provisions of paragraph 7(a), above. The provisions of paragraph 4 apply to documents designated as "Confidential – Attorneys' Eyes Only."

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

11. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of

copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15)-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

12. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF

CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b)  As an alternative to the procedure set forth in paragraph 12(a), any party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Part Clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL- SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties."

Such documents shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which they were submitted.

(c)  All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" or "Confidential - Attorneys' Eyes Only" nature as provided in paragraphs 2 and/or 11 of this Stipulation may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "Confidential" or "Confidential - Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect

to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated, and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Receiving party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

21. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to

seek or agree to different or additional protection for any particular material or information.

<table>
<tr>
<td>
THE LAW OFFICES OF JARED M. LEFKOWITZ<br><br>
By: _____<br>
    Jared M. Lefkowitz, Esq.<br>
1001 Avenue of the Americas, 11th Floor<br>
New York, New York 10018<br>
(212) 682-1440<br>
JML@JMLefkowitz.law.com<br>
*Attorney for Plaintiffs*<br><br>
Dated: February 5, 2020
</td>
<td>
THE CREADORE LAW FIRM<br><br>
By:   /s/ Donald Creadore<br>
    Donald E. Creadore<br>
450 Seventh Ave. - Suite 1408<br>
New York, New York 10123<br>
(212) 355-7200<br>
Donald@creadorelawfirm.com<br>
*Attorneys for Defendant*<br><br>
Dated: February 11, 2020
</td>
</tr>
</table>

SO ORDERED

_____ 2/11/20
Hon. Vincent L. Briccetti, USDJ

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT ESPOSITO,
JULY 4 EVER FIREWORKS, INC.,
JULY 4 EVER CO., LTD,

                Plaintiffs,

- against -

INFORMATION TECHNOLOGY CORP. and
FIREWORKS EXTRAVAGANZA, INC.,

                Defendants.
------------------------------------------------------------------X

Case No. 19 CV 2025 (VB)

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

      I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. On _____ I received a copy of the Confidentiality Order entered in the above-entitled action.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____   _____