UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENT ESPOSITO; JULY 4 EVER           :
FIREWORKS, INC.; and JULY 4 EVER CO.,   :
LTD.,                                    :
                      Plaintiffs,    :
v.                                       :     **MEMORANDUM**
                                                    :     **OPINION AND ORDER**
INFORMATION TECHNOLOGY CORP. OF         :
THE TRI-STATES; FIREWORKS               :     19 CV 2025 (VB)
EXTRAVAGANZA, INC.; J&J COMPUTING,      :
INC., d/b/a FIREWORKS EXTRAVAGANZA;     :
and JOHN SAGARIA,                        :
                      Defendants.    :
--------------------------------------------------------------x

Briccetti, J.:

On October 26, 2022, a jury rendered a verdict for plaintiffs in the above-captioned case. The jury found all defendants liable on plaintiffs' Anticybersquatting Consumer Protection Act ("ACPA") claim, 15 U.S.C. § 1125(d), and on their conversion claim. With respect to the ACPA claim, plaintiffs elected to recover an award of statutory damages, instead of actual damages and profits, pursuant to 15 U.S.C. § 1117(d). Accordingly, the Court awarded plaintiffs a total of $9,000 in statutory damages against all defendants on the ACPA claim, in addition to the jury's award of $10,000 in compensatory damages and $6,000 in punitive damages on the conversion claim.[1]

Pending before the Court is plaintiffs' application for $96,106.83 in attorney fees, pursuant to 15 U.S.C. § 1117(a). (Doc. #219). Defendants oppose the application. (Doc. #220).

For the reasons set forth below, plaintiffs' request is DENIED.

---

[1] The jury did not award punitive damages against defendant Fireworks Extravaganza, Inc. The jury awarded $2,000 in punitive damages against each of the other three defendants.

1

The Court assumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

I.     Legal Standard for Recovery of Attorney Fees under the ACPA

The ACPA was passed in 1999 as an addition to the Lanham Act. Am. Lecithin Co. v. Rebmann, 2020 WL 4260989, at *8 (S.D.N.Y. July 24, 2020). Awards for violations of the ACPA are thus governed by the Lanham Act's recovery provision, Section 1117. See 15 U.S.C. §§ 1117(a), (d) (referring to 15 U.S.C. § 1125(d)).

Section 1117(a) provides plaintiffs may be entitled to recover profits, actual damages, and costs. The statute further permits a court to award attorney fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). For violations of the ACPA, Section 1117(d) permits plaintiffs to elect to recover statutory damages instead of actual damages and profits. Id. § 1117(d).

In Louis Vuitton Malletier S.A. v. LY USA, Inc., the court concluded "that an award of attorney's fees is available under section 1117(a) in 'exceptional' cases even for those plaintiffs who opt to receive statutory damages." 676 F.3d 83, 111 (2d Cir. 2012) (emphasis added).[2] Louis Vuitton involved the election of statutory damages pursuant to Section 1117(c), which applies to claims under the Anticounterfeiting Consumer Protection Act. Id. at 110. Nevertheless, that provision and Section 1117(d) identically state "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover instead of actual damages and profits," an award of statutory damages. 15 U.S.C. §§ 1117(c)–(d).

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

The Supreme Court has considered the meaning of "exceptional cases" under the attorney fees provision of the Patent Act, which is identical to the one in Section 1117(a) of the Lanham Act.  See Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014); see also Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 531 (2d Cir. 2018) (concluding Octane Fitness's "exceptional cases" analysis applies to Section 1117(a) of the Lanham Act).

In Octane Fitness, the Supreme Court concluded "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'"  Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. at 554.

The Court continued:

> District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.  As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. at 554 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)).  Those considerations include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Id. at 554 n. 6 (quoting Fogerty v. Fantasy Inc., 510 U.S. at 534 n.19).

3

II.      Application

    A.      Availability of Attorney Fees

As an initial matter, plaintiffs did not waive their ability to recover attorney fees under Section 1117(a) by electing an award of statutory damages under Section 1117(d) instead of pursuing an award of actual damages and profits.

Neither of the cases cited by defendants stand for the proposition that an election of statutory damages precludes a party from seeking attorney fees. That is, in Mister Softee of Brooklyn, Inc. v. Boula Vending Inc., neither the decision, nor the report and recommendation the decision adopts, reference statutory damages. 2010 WL 5859510 (E.D.N.Y. Dec. 10, 2010), report and recommendation adopted sub. nom., Mister Softee, Inc. v. Boula Vending Inc., 2011 WL 70513, at *1–2 (E.D.N.Y. Feb. 17, 2011), aff'd, 484 F. App'x 623 (2d Cir. 2012). And, in Malletier v. Artex Creative Int'l Corp., the court awarded both statutory damages pursuant to Section 1117(c) and attorney fees under Section 1117(a). 687 F. Supp. 2d 347, 358–64 (S.D.N.Y. 2010).

Moreover, both cases were decided before the Second Circuit held a court may award attorney fees under Section 1117(a) "even for those plaintiffs who opt to receive statutory damages." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d at 111. Although the Second Circuit considered a plaintiff's election of statutory damages under Section 1117(c), this holding also governs an election of statutory damages under Section 1117(d). See, e.g., Experience Hendrix, L.L.C. v. Pitscialis, 2020 WL 3564485, at *9–16 (S.D.N.Y. July 1, 2020) (awarding statutory damages under Section 1117(d) and the Copyright Act, as well as attorney fees under Section 1117(a)), report and recommendation adopted sub. nom., Experience Hendrix, LLC v. Hendrix, 2020 WL 4261818 (S.D.N.Y. July 24, 2020); Sky Vapors, LLC v. Blazynski,

2018 WL 6696995, at *3–6 (W.D.N.Y. Dec. 20, 2018) (awarding statutory damages under Sections 1117(c) and 1117(d), and finding the court <u>may</u> award attorney fees under Section 1117(a) for an "exceptional" case).

Accordingly, the Court concludes plaintiffs may seek an award of attorney fees under Section 1117(a), notwithstanding their election to seek statutory damages under Section 1117(d).

B.   <u>"Exceptional Cases"</u>

Plaintiffs argue this case is exceptional, warranting an award of attorney fees, because the Court expressly determined defendants' violations were willful and because of the jury verdict in plaintiffs' favor.

The Court disagrees.

Following <u>Octane Fitness</u>, willful infringement alone does not automatically make a case "exceptional."  See <u>4 Pillar Dynasty LLC v. New York & Co., Inc.</u>, 933 F.3d 202, 216 (2d Cir. 2019) ("<u>Octane Fitness</u> establishes no presumption—rebuttable or otherwise—that cases involving willful infringement are necessarily 'exceptional.'"); <u>see also</u> <u>Travelers Leaders Grp., LLC v. Corley</u>, 2019 WL 6647319, at *13–14 (S.D.N.Y. Dec. 5, 2019) (discussing the Second Circuit's abrogation of the prior standard that a finding of willfulness determines the right to attorney fees), <u>report and recommendation adopted</u>, 2022 WL950957 (S.D.N.Y. Mar. 30, 2022).

Here, the Court concludes neither side litigated the case in an unreasonable manner. Although each side blames the other for not resolving this lawsuit before trial, the Court concludes neither side's actions evidenced bad faith or an intent to pursue frivolous litigation. See <u>Antetokounmpo v. Costantino</u>, 2021 WL 5916512, at *7 (S.D.N.Y. Dec. 15, 2021) (offering examples of exceptional cases where parties "took unreasonable positions throughout the litigation," "violated court's discovery orders," "engaged in intentional infringement, perpetrated

5

fraud and spoilation, [and] pursued counterclaims grounded in that fraud"), report and recommendation adopted, 2022 WL 36232 (S.D.N.Y. Jan. 4, 2022).

Moreover, here, there was sufficient, but not overwhelming, evidence in the record to support the verdict for plaintiffs. Thus, the strength of plaintiffs' case was not so great that defendants' decision to litigate through trial supports a finding of exceptionality.

Accordingly, notwithstanding that the jury's verdict on plaintiffs' ACPA claim included a finding that defendants' violation was willful,[3] because this case was not litigated unreasonably, and because there was sufficient—but not overwhelming—evidence in the record as to all elements of plaintiffs' ACPA claim, the Court concludes this is not an exceptional case so as to warrant an award of attorney fees.

## CONCLUSION

For the foregoing reasons, plaintiffs' application for attorney fees is DENIED.

Dated: November 21, 2022
White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

---

[3] Although defendants contend "there has been no finding of a bad faith intent to profit in this action, which is a key element of an ACPA violation," this is false. (Doc. #220, at 4). Here, the jury found defendants violated the ACPA—which, as the jury was instructed, necessarily requires a finding that the liable party "has a bad faith intent to profit." See 15 U.S.C. § 1125(d).